IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ABRAHAM KELLY, AIS # 155176,     :

     Plaintiff,                 :

vs.                              :   CIVIL ACTION 13-0018-WS-M

WARDEN WALTER MEYERS, *et al.,*  :

     Defendants.                :


<u>REPORT AND RECOMMENDATION</u>


Plaintiff, an Alabama prison inmate who is proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed an action on the Court's form for an action under 42 U.S.C. § 1983.[1]  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful review, it is the undersigned's recommendation that Plaintiff's action be transferred to the United States District Court for the Middle District of Alabama.

In this § 1983 action, Plaintiff only seeks to be released from incarceration on ground that his future

---

[1]  The Court is foregoing ruling on Plaintiff's In Forma Pauperis Declaration (Doc. 2) so the transferee court can manage this action in its entirety.

sentence, for promoting prison contraband, first degree, which he will begin serving on June 11, 2013, is illegal. (Doc. 1 at 6). Plaintiff's conviction was rendered in Barbour County in the Middle District of Alabama on June 21, 1991. (*Id.* at 12). The incident that serves as the basis for the conviction occurred at Easterling Correctional Facility in the Middle District of Alabama. (*Id.* at 4). The Defendants are Walter Meyers and Eddie Dunsford, who were associated with the initial incident, but only Defendant Meyers's current address is given which is Fountain Correctional Center in this District. (*Id.* at 3). At the time of filing, Plaintiff was incarcerated at Mobile Work Release Center in this District. (*Id.* at 1). Subsequently, he was transferred to Alexander City Work Release Center in the Middle District. (Doc. 3).

A § 1983 action may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

2

28 U.S.C. § 1391(b); *see New Alliance Party of Ala. v. Hand,* 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).

In the present action, a substantial part of the events giving rise to Plaintiff's claim occurred in the Middle District.  Moreover, in the event that his claim may be treated as a habeas claim, the Middle District would properly have habeas jurisdiction, and this Court would not.  *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 499, 93 S.Ct. 1123, 32, 35 L.Ed.2d 443 (1973); 28 U.S.C. § 2241(d) (An "application for the writ of habeas corpus may be filed in the district court for the district wherein such person is in custody or in the district court in the district within which the State court was held which convicted and sentenced him[.]").

Accordingly, it is recommended that, in the interest of justice and for the convenience of the parties, this action be transferred to the United States District Court for Middle District where a substantial part of the events associated with

3

Plaintiff's claims occurred.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *Roofing & Sheet Metal Servs. v. LaQuinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982) (The transfer decision is left to "sound discretion of the district court and is reviewable only for an abuse of that discretion."); *Holton v. Florida*, 2008 WL 1995128, at *2 (N.D. Fla. May 6, 2008) ("Such transfers may be made sua sponte by the district court.") (unpublished) (citing *Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 761 (5th Cir. 1989)).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 31st day of May, 2013.

s/ BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE